IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

EDUCATIONAL CREDIT MANAGEMENT
CORPORATION,

        Plaintiff,
vs.                                            CASE NO. 3:06cv200/RS

CHISHOLM PROPERTIES, LLC,

        Defendant.
_____/

## ORDER

This is a wage garnishment action under 20 U.S.C. §1095a. A default had been entered against Defendant, the borrower's former employer. Section 1095a(a)(1) provides that the amount to be garnished "may not exceed 10 percent of disposable pay". Because there is no evidence of the borrower's disposable pay in the record, an evidentiary hearing was scheduled for March 16, 2007. I contemplated that Plaintiff would compel, perhaps by subpoena duces tecum, the appearance of Defendant with its compensation records for the borrower. No proof of "disposable pay" was presented at the evidentiary hearing, and Plaintiff's attorney incorrectly suggested that judgment be entered against Defendant for the full amount owed Plaintiff by the borrower. Section 1095a(a)(6) states that a garnishment action against an employer may be filed "to recover any amount that such employer fails to withhold from wages due an employee following receipt of such employer of notice of the withholding order...". A defaulted employer does not thereby become liable for the full amount owed by the

borrower, only the amount (not to exceed ten percent) the employer failed to withhold from the borrower's disposable pay.  The two opinions from the Eastern District of Kentucky provided by Plaintiff's attorney do not support his argument.  To the contrary, *Educational Credit Management Corp. v. Central Equipment Company*, 2007 WL 701048 (E.D.Ky,) recites:

> "On April 20th, Defendant sent a check for $7,231.91, the full amount Butler owed on her student loan as of April 5, 2006, even though only half that amount was due from Defendant under the Withholding Order.  The transmittal letter did not explain why defendant wanted to pay off Butler's student loan for her..."

The liability of a garnishee (under Florida garnishment statutes) was accurately explained by a Florida appellate court:

> "The garnishee is not, by service of the writ, to be placed in any worse condition than if the defendant, his creditor, had brought suit upon the claim which is garnished.  As to the garnishee, the plaintiffs take the shoes of the defendant, the principal debtor, and assert only the rights of the latter." *Security Bank, N.A. v BellSouth Advertising & Publishing Corp.*, 679 So.2d 795, 799 (Fla. 3d DCA 1996), *approved,* 698 So.2d 254 (Fla. 1997).

Plaintiff's attorney has submitted a proposed order to show cause which would require Defendant within ten days why judgment should not be entered for the full amount due Plaintiff from the borrower, Robert Hayslette.  For the reasons which have just been stated, the proposed order is inappropriate and will not be entered.

The docket now shows that Plaintiff has filed "Notice Of Service Of Request For Production Of Documents (Doc. 23)", which suggests that Plaintiff has served a request for production upon Defendant, presumably for Hayslette's compensation records.  This may be a futile effort in light of Defendant's failure to respond previously.  It may be

more productive for Plaintiff to serve a subpoena duces tecum on Defendant for the necessary records. If Defendant ignores a properly issued and served subpoena duces tecum, sanctions upon Defendant may follow.

Plaintiff appears to suggest incorrectly that costs of $2,496.86 should be assessed against Defendant. In support of that argument, Plaintiff's attorney cites 34 C.F.R. §682.410 which provides for assessment in 2003 (the year of Hayslette's default) costs calculated at twenty-five percent of outstanding principal and interest. While costs calculated in that manner may be assessed against the borrower, I find no authority in 20 U.S.C. §1095a that a garnishee is liable in that fashion. Those costs should be included in Plaintiff's claim against the borrower. Costs against Defendant in this case will be assessed as provided by 28 U.S.C. §1920.

ORDERED on March 28, 2007.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**